IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ROB J. SIMMONS.
_____/

No. C 07-01205 CW

ORDER EXTENDING TIME
TO FILE AMENDED
PLEADING

On February 28, 2007, this case was opened when Plaintiff sent a letter to this Court while housed in the San Mateo County Jail. On November 13, 2007, the Court construed Plaintiff's letter as a civil rights complaint and issued an Order Granting In Forma Pauperis Status Under 28 U.S.C. § 1915, Dismissing Complaint with Leave to Amend and Addressing Pending Motions (Docket # 13). In the November 13, 2007 Order, the Court noted that, in his letter, Plaintiff claimed that a San Mateo judge improperly found that Plaintiff was incompetent to stand trial because the judge did not believe that Plaintiff was a member of the ministry of Cannabis and Rastari Inc. or that he had founded the Tree of Life Church. Plaintiff alleged that his religious rights had been violated and that he had been incarcerated since July 17, 2006 without being convicted of a crime.

In the November 13, 2007 Order, the Court noted that Plaintiff had not filed a complaint on the Court's civil rights form and that this would greatly assist the Court in clarifying the issues

Plaintiff presented. The Court dismissed the complaint with leave to file an amended complaint using the Court's civil rights form. The Clerk of the Court sent Plaintiff a blank civil rights form along with a copy of the Order.

Subsequently, Plaintiff filed three separate letters, apparently in response to the November 13, 2007 Order.

On December 10, 2007, Plaintiff filed the first letter which he indicates is a habeas action. He alleges that, on November 24, 2007, he was driving in Santa Barbara when he almost ran out of gas. He was in possession of his church's "sacramental ganja." Plaintiff asked a University of California at Santa Barbara (UCSB) police officer for directions to a gas station. The officer asked Plaintiff if he was on probation. Plaintiff answered that he was. The officer then searched Plaintiff and arrested him. Plaintiff was prosecuted for possession of marijuana for sale and transportation of marijuana for sale. Plaintiff told the UCSB police to call his doctor because he has a prescription for marijuana, but the police refused to do so. Plaintiff claims that he was wrongfully arrested and that he has been "jailed, harassed, abused, tortured, kidnaped and robbed." He wants an injunction to protect members of the Tree of Life Church from wrongful arrest and prosecution and he wants $200 million in damages. On the last page of the letter, Plaintiff alleges that Santa Barbara County Deputy Sheriff A. Kirsch improperly put Plaintiff into seclusion and isolation.

On December 26, 2007, Plaintiff filed his second letter in which he alleges that he is suing the San Mateo County Probation

2

Department for holding him in violation of the First Amendment of the United States Constitution and federal statutes. Plaintiff alleges that he was wrongfully sent to Napa State Hospital and is suing Mark Owens and Rafael Amezaga, Jr., the deputy public defenders who represented him and who, against his wishes, filed a motion alleging that he might be incompetent. Plaintiff also alleges that, while he was out of jail on his own recognizance (OR), he was remanded back to jail because he had a "dirty pee test for marijuana." He indicates that he wishes this case to be "applied" to another case pending in Santa Barbara. He also indicates that he is suing Judge Joseph Lodge and Dan Lieberman, an aide to State Senator Dr. Leland Yee, but doesn't state how these individuals violated his constitutional rights.

On January 4, 2008, Plaintiff filed a third letter in which he indicates that he is "requesting a habeas action" because UCSB police stole money from him, illegally impounded his car and illegally seized his "sacramental and medicinal marijuana." He requests an injunction for Multi-denominational Ministry of Cannabis and Rastafari Inc. and Tree of Life Church members because Defendants have repeatedly interfered with the church's ministry and members' freedom of religion. He requests "protection from arrest, persecution, incarceration and theft of sacrament, amnesty from sales, possession, transportation, growing, etc. to our sick patients and church members."

## LEGAL STANDARD

Dismissal under 28 U.S.C. § 1915(d) for frivolousness prior to service is appropriate where no legal interest is implicated, i.e.,

3

where a claim is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

DISCUSSION

Plaintiff apparently wants to sue state officials in Santa Barbara for violating his civil rights. He also claims his constitutional rights were violated when he was found incompetent to stand trial and held in a state psychiatric hospital.

I. Civil Rights Claims

Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City

4

of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

II. Heck v. Humphrey Requirement

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Heck v. Humphrey applies to detainees under an involuntary civil commitment. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005).

5

III. Habeas Petitions

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or commitment on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA requires a district court to presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Individuals in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they

6

seek to raise in federal court. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The State's highest court must be given an opportunity to rule on the claims even if review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Plaintiff's three letters, which the Court assumes are his attempts to file a first amended complaint, are not a proper response to the Court's order. Plaintiff's letters about events in Santa Barbara are not relevant. Santa Barbara is in the Central District of California and any action related to occurrences in Santa Barbara must be brought in the Central District of California.

If Plaintiff wishes to file a civil rights complaint about the events in San Mateo or Napa County, he must file a complaint on the civil rights complaint form the Clerk of the Court will send him with this order. In the caption of the complaint, Plaintiff must list each individual he wishes to sue. In the body of the complaint, Plaintiff must specifically state the actions of each individual Defendant who violated Plaintiff's civil rights. Plaintiff must also indicate which constitutional right was violated by the actions of each Defendant. Plaintiff is advised to write separate paragraphs for each Defendant indicating in each paragraph that individual's actions and which constitutional rights he or she violated.

Plaintiff is cautioned that under Heck v. Humphrey, discussed above, the Court lacks jurisdiction over any civil rights complaint that would render his incompetence commitment invalid until the commitment has been reversed on appeal or vacated pursuant to a

7

petition for writ of habeas corpus.  If this was done, he must explain that in his complaint.

If Plaintiff is able to file a civil rights complaint in this Court that complies with this order, he must do so within thirty days of the date of this order.  If he does not do so within this time, his complaint will be dismissed for failure to prosecute.

The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this order.

IT IS SO ORDERED.

Dated: 2/7/08     
_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IN RE: ROB J SIMMONS,

Case Number: CV07-01205 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rob J. Simmons  697962          (with prisoner civil right complaint form)
4436 Callereal
Santa Barbara, CA 93110

Dated: February 7, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk