IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROB J. SIMMONS,

        Plaintiff

v.

DAVID SEAL, et al.,

        Defendants.

                              /

No. C 07-01205 CW (PR)

ORDER OF DISMISSAL

    Plaintiff Rob J. Simmons, appearing pro se and currently in custody at Santa Barbara County Jail, has filed this action under the Civil Rights Act, Title 42 U.S.C. section 1983.  The amended complaint is before the Court for review pursuant to 28 U.S.C. § 1915.

BACKGROUND

    In a letter to the Court filed February 28, 2007, Plaintiff alleged that he was detained at the San Mateo County Jail and that the state court improperly found him incompetent to stand trial. On November 13, 2007, the Court issued an Order Granting In Forma Pauperis Status, Dismissing Complaint with Leave to Amend, and Addressing Pending Motions, noting that Plaintiff challenged the San Mateo Superior Court's finding that he was incompetent to stand

1 trial on the ground that the state court judge did not believe that
2 Plaintiff was a member of the ministry of Cannabis and Rastafari
3 Inc., or that he had founded the Tree of Life Church.  The Court
4 further noted that Plaintiff alleged that his religious rights had
5 been violated and that he had been incarcerated since July 17,
6 2006, without conviction.  The Court dismissed the complaint with
7 leave to file an amended complaint using the Court's civil rights
8 complaint form, and granted Plaintiff's application for leave to
9 proceed in forma pauperis.

10     Subsequently, Plaintiff sent the Court three more letters,
11 filed December 10, 2007 to January 4, 2008, indicating that while
12 he was on probation, he was questioned by University of California,
13 Santa Barbara police in Santa Barbara on the night of November 24,
14 2007, arrested and prosecuted for possession of marijuana for sale
15 and transportation of marijuana for sale.  In those letters,
16 Plaintiff requested a "habeas action," sought an injunction against
17 "all law enforcement and courts" to protect members of the Tree of
18 Life Church from wrongful arrest and prosecution; $205 million in
19 damages; an action against the San Mateo County Probation
20 Department for holding him in violation of his rights under the
21 First Amendment and wrongfully sending him to Napa State Hospital;
22 an action against his defense counsel for filing, against his
23 wishes, a motion questioning his mental competence; an action
24 against the state court judge who denied his motion for
25 substitution of counsel; and a habeas action based on his criminal
26 proceedings in Santa Barbara.  Docket nos. 17, 18, 19.
27     On February 7, 2008, the Court issued an Order Extending Time
28 to File Amended Pleading.  The Court determined that Plaintiff's

2

letters did not satisfy the Court's earlier order, and that any action related to Plaintiff's allegations about events in Santa Barbara must be brought in the Central District of California.  The Court cautioned Plaintiff that under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), "the Court lacks jurisdiction over any civil rights complaint that would render his incompetence commitment invalid until the commitment has been reversed on appeal or vacated pursuant to a petition for writ of habeas corpus.  If this was done, he must explain that in his complaint."  February 7, 2008 Order at 7-8.

On February 15, 2008, Plaintiff filed this amended complaint and submitted three more letters.  The amended complaint names various defendants, including San Mateo County District Attorney Fox, San Mateo County Superior Court Judge Grandsaert, Napa State Hospital and Doctors Tyler and Pashdag, attorney Ed Pomeroy, Santa Barbara Superior Court Judge Lodge, Santa Barbara Deputy District Attorney Cota, Santa Barbara Public Defenders Owens and Amezega, and three UCSB police officers.  Liberally construing the complaint, the following allegations appear to relate to his criminal proceedings in San Mateo County and his commitment to the Napa State Hospital: he was sent to Napa State Hospital for his Rastafari belief, in violation of his right to freedom of religion; Doctors Tyler and Pashdag and Napa State Hospital stated that he is a poly-substance abuser based on his use of his sacramental marijuana; he was denied a speedy trial and fair trial in San Mateo County; he filed a petition for writ of habeas corpus in February, 2007, and has not obtained relief; his release on his own recognizance was revoked illegally and caused an unfair trial; he

3

1 was arrested, incarcerated, held on probation and persecuted by the
2 San Mateo County Sheriff and Belmont police in violation of his
3 First Amendment right to free exercise of his religion.  The
4 amended complaint includes a new allegation that a Belmont police
5 officer committed police brutality on September 2, 1997.

6     The amended complaint also contains allegations that appear to
7 relate to his criminal proceedings in Santa Barbara: denial of a
8 speedy trial by Defendants Lodge, Cota, Owens and Amezaga; judicial
9 error in denial of his motion to substitute counsel pursuant to
10 People v. Marsden, 2 Cal. 3d 118 (1970); and harassment,
11 destruction and theft of property, wrongful probation hold, arrest,
12 incarceration, and persecution by the UCSB police based on his
13 arrest on November 25, 2007.  Am. Compl. 3.  See also Docket nos.
14 22, 23.  Plaintiff seeks either dismissal or release on his own
15 recognizance in his current case in Santa Barbara County,
16 contending that the probation hold is due to discrimination against
17 his Rastafari faith.

18     Plaintiff further alleges facts not related to his criminal
19 proceedings: wrongful revocation of his real estate license by
20 Defendant Real Estate Commissioner Seal and wrongful eviction by
21 Defendant Rochele.

22     Plaintiff seeks monetary relief and declaratory relief to
23 release him from the probation holds issued by San Mateo County.
24 Am. Compl. 4.  He also seeks removal of the incompetency ruling,
25 expungement of his recent cases, and release on own recognizance to
26 allow him to receive his sacrament, i.e., marijuana.  Id.
27 Plaintiff also seeks an injunction for all multi-denominational
28 ministry of Cannabis, Rastafari Inc. and Tree of Life Church

4

members, as well as for all medical marijuana patients and providers, against arrest, prosecution and incarceration for sacramental ganja, or marijuana. Id. at 3. Plaintiff explains, "If I had an injunction for MDMCR Inc. & Tree of Life Church I wouldn't be in jail!" Id. at 4. Plaintiff further wants to subpoena various local officials and a legislative aide to State Senator Yee.

In a subsequent letter, filed April 7, 2008, Plaintiff informs the Court that on March 17, 2008, the Santa Barbara County Superior Court ruled him incompetent to stand trial. Docket no. 26. He challenges the current evaluating physicians' opinion, consistent with the opinion of the psychiatrists appointed in San Mateo County, that Plaintiff is addicted to marijuana. Id. Plaintiff asserts that the state courts and state mental health professionals are discriminating against him based on his medical and religious use of marijuana. Id.

## DISCUSSION

The Court must dismiss an in forma pauperis action for frivolousness if the Court is satisfied that no legal interest is implicated, i.e., where a claim is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. 28 U.S.C. § 1915(e)(2). Neitzke v. Williams, 490 U.S. 319, 327 (1989); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

5

In the Order Extending Time to File Amended Pleading, the Court discussed the holding of Heck v. Humphrey:

> In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Heck v. Humphrey applies to detainees under an involuntary civil commitment. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005).

February 7, 2008 Order at 5. The Court now considers whether Heck bars this action.

Plaintiff challenges his arrest and commitment by the San Mateo County Superior Court for marijuana possession as a violation of his right to free exercise of religion, and challenges that court's ruling that he was incompetent to stand trial and that he be committed to Napa State Hospital. Plaintiff also challenges his current probation hold in Santa Barbara County, and the state court's ruling there that he is incompetent to stand trial. The Court has already determined that any action related to occurrences in Santa Barbara must be brought in the Central District of California. February 7, 2008 Order at 7. The Court considers those allegations concerning the Santa Barbara confinement only to the extent that they relate to the confinement ordered by the San Mateo County court.

Heck bars Plaintiff's claims for damages based on discriminatory arrest and confinement in violation of his right to

6

1 free exercise because success on these claims would implicate the
2 validity of Plaintiff's civil commitment term, which has not "been
3 reversed on direct appeal, expunged by executive order, declared
4 invalid by a state tribunal authorized to make such determination,
5 or called into question by a federal court's issuance of a writ of
6 habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.  The
7 Ninth Circuit has recognized that "Heck's favorable termination
8 rule was intended to prevent a person in custody from using § 1983
9 to circumvent the more stringent requirements for habeas corpus."
10 Huftile, 410 F.3d at 1139.  The Ninth Circuit held that "the habeas
11 statute is not textually limited to 'prisoners' [but] directs that
12 a federal court 'shall entertain an application for a writ of
13 habeas corpus in behalf of a person in custody pursuant to the
14 judgment of a State court.'"  Id. (citing 28 U.S.C. § 2254(a))
15 (emphasis added in original).  Plaintiff's free exercise challenge
16 to the state court's commitment proceedings, even without a
17 conviction, thus challenges his term of confinement and is subject
18 to the requirements for habeas corpus.
19     The Ninth Circuit has held that Heck does not bar a § 1983
20 claim if the claimant is no longer in state custody and habeas
21 relief is unavailable.  Huftile, 410 F.3d at 1141.  Because
22 Plaintiff is no longer in the custody of the San Mateo County
23 court, the Court must consider whether he lacks standing to raise a
24 collateral challenge to his commitment by that court to Napa State
25 Hospital, which would circumvent the Heck bar to his § 1983 action.
26 Id. at 1141-42.  Based on the allegations before the Court,
27 however, it appears that Plaintiff's standing to seek habeas corpus
28 relief is not rendered moot by his release on his own recognizance

7

by the San Mateo County court, particularly because he is currently in state custody in Santa Barbara County due to a probation hold. Docket nos. 18, 22, 23. A state defendant released on his own recognizance is "in custody" for the purposes of habeas corpus, being "subject to restraints 'not shared by the public generally.'" Hensley v. Municipal Ct., 411 U.S. 345, 351 (1973). Because Plaintiff remains in state custody, and could seek collateral relief, his § 1983 claim is barred by Heck. Huftile, 410 F.3d at 1141-42.

Plaintiff has not demonstrated, however, that he has exhausted all available state court remedies and then sought habeas corpus relief in federal court. Hensley, 411 U.S. at 353. Plaintiff alleges that he filed a habeas action in February, 2007, but that appears to refer to the initial complaint that he filed in this Court. See Am. Compl. 3. As the Court stated in the Order Extending Time to File Amended Pleading, the Antiterrorism and Effective Death Penalty Act mandates that "[i]ndividuals in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court." February 7, 2008 Order at 6-7 (citing 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982)). To the extent that the amended complaint could be construed as a petition for a writ of habeas corpus, the petition must be dismissed without prejudice for failure to exhaust.

8

Plaintiff seeks an injunction on behalf of his church members, as well as medical marijuana patients and providers, against criminal prosecution for religious or medical use of marijuana. Plaintiff seeks to invalidate his own confinement for the charges of marijuana possession. Am. Compl. 4. His claim for injunctive relief is therefore barred by Heck. 512 U.S. at 486-87. Cf. Edwards v. Balisok, 520 U.S. 641, 648 (1997)("Ordinarily, a prayer for such prospective relief will not 'necessarily imply' the invalidity of a previous loss of good-time credits, and so may properly be brought under § 1983.").

Plaintiff also alleges causes of action against Defendants Seal and Rochele for wrongful revocation of a real estate license and wrongful eviction, respectively. Because Plaintiff alleges no violation of a right secured by the Constitution or laws of the United States, neither claim is cognizable as a § 1983 action.

The amended complaint includes a new allegation of police brutality by a Belmont police officer on September 2, 1997. Am. Compl. 3. This bare allegation fails to state a claim under § 1983. As the Court stated in the Order Extending Time to File Amended Pleading: "a complaint must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.' Feb. 7, 2008 Order at 5 (citing Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)). Plaintiff fails to allege facts showing that the defendant proximately caused the deprivation of a federally protected right. Id. at 4-5 (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981)). The Belmont police brutality claim therefore must be dismissed for failure to state a claim.

Furthermore, in the Order dismissing the initial complaint, the Court granted leave to amend the complaint to correct pleading deficiencies, but did not give Plaintiff permission to add any new claims. See November 13, 2007 Order. Plaintiff may not further amend the complaint as a matter of right. Fed. R. Civ. Proc. 15(a)(1). Because the new allegation of police brutality is unrelated to the original complaint, it may be brought only in a new complaint, if it can be properly alleged. The police brutality claim therefore is dismissed without prejudice.

## CONCLUSION

1. For the foregoing reasons, the amended complaint is dismissed without prejudice. The allegations relating to Plaintiff's commitment by the San Mateo County court are dismissed without prejudice to refiling once the requirements under Heck are satisfied. The allegations of police brutality in Belmont are dismissed without prejudice to filing a new complaint, if appropriate. The allegations relating to the proceedings in Santa Barbara are dismissed without prejudice to filing in the United States District Court for the Central District of California or the appropriate state court.

2. No further filing fee is due.

3. The Clerk of the Court shall enter judgment in accordance with this Order, terminate all motions, and close the file.

IT IS SO ORDERED.

Dated: 4/24/08

CLAUDIA WILKEN
United States District Judge

10

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROB J SIMMONS,

        Plaintiff,

v.

DAVID SEAL, et al,

        Defendants.

Case Number: CV07-01205 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rob J. Simmons #697962
San Barbara County Jail
4436 Callereal
Santa Barbara, CA 93110

Dated: April 24, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk